In re Amy McMullen SHAW and
Gary Shaw, Debtors.

Barbara J. Shah, Plaintiff,

v.

Gary Shaw, Defendant.

Bankruptcy No. 02–29921–MBM.
Adversary No. 03–2061–MBW.

United States Bankruptcy Court,
W.D. Pennsylvania.

June 26, 2003.

Lois Glanby, McMurray, PA, for Debt-ors.

Gary Smith, Pittsburgh, PA, trustee.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **26th day** of **June, 2003,** upon consideration of (a) the adversary complaint of Barbara Shah, plaintiff herein (hereafter "Plaintiff"), wherein Plaintiff seeks a determination by this Court that her claim of $5,689.02 for pre-petition legal services that she performed on behalf of Gary Shaw, the above-captioned debtor and defendant herein (hereafter "the Debt-or"), is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(C), (b) Plaintiff's motion for summary judgment as to the entirety of her § 523 nondischargeability action, and (c) the other relevant submissions in the instant matter; and subsequent to no-tice and a hearing on Plaintiff's summary judgment motion held on June 23, 2003, it is hereby **ORDERED, ADJUDGED, AND DECREED** that (a) the presumption of nondischargeability under § 523(a)(2)(C) is **INAPPLICABLE** to Plaintiff's claim for legal services, and (b) Plaintiff's motion for summary judgment is consequently **DE-NIED WITH PREJUDICE.** The ratio-nale for the Court's decision is set forth below.

### I.

According to Exhibit A attached to Plaintiff's adversary complaint, Plaintiff's claim of $5,689.02 is comprised of charges for legal services that she performed for the Debtor between July 29, 2002, and September, 10, 2002 (hereafter "Plaintiff's Claim"). Such legal services, in particular, relate to the filing of an appeal on the Debtor's behalf from a Pennsylvania Com-mon Pleas Court judgment that required the Debtor, pursuant to a 1984 marital

agreement with his former wife, to pay for his daughter's college education. Plaintiff contends that Plaintiff's Claim is presumed to be nondischargeable pursuant to § 523(a)(2)(C).

■■■ 11 U.S.C. § 523(a)(2)(C) provides, in pertinent part, that:

> for purposes of ... [§ 523(a)(2)(A)], consumer debts owed to a single creditor and aggregating more than $1,150 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title ... are presumed to be nondischargeable: "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor.

11 U.S.C.A. § 523(a)(2)(C) (West 2003). The presumption under § 523(a)(2)(C) may be rebutted, but such rebuttal can only be effected successfully if a "'debtor ... demonstrate[s] that the debt [in question] was not incurred in contemplation of discharge in bankruptcy.'" *In re Orecchio,* 109 B.R. 285, 289 (Bankr.S.D.Ohio 1989) (quoting from S.Rep. No. 98–65, 98th Cong. 1st Sess. 58 (1983)). As for the level of proof that will suffice to rebut § 523(a)(2)(C)'s nondischargeability presumption, such "rebuttal evidence must raise a substantial doubt in the mind of the trier of fact as to the existence of the presumed [bad] intent" on the part of the debtor. *Orecchio,* 109 B.R. at 290 (harmonizing Fed.R.Evid. 301, which rule is made applicable to bankruptcy cases via Fed.R.Bankr.P. 9017, with the legislative history of § 523(a)(2)(C)).

The parties agree that, on the surface, the sole issue in dispute regarding whether § 523(a)(2)(C) applies to Plaintiff's Claim is whether the legal services which Plaintiff provided to the Debtor constitute luxury services within the meaning of § 523(a)(2)(C). The Court agrees with the parties' preceding assessment because (a) the Debtor filed his Chapter 7 bankruptcy petition on September 12, 2002, which means that Plaintiff's Claim was incurred within 60 days of the commencement of the Debtor's bankruptcy petition filing, (b) Plaintiff's Claim exceeds $1,150, and (c) Plaintiff's Claim is "consumer" in nature given that (i) "'consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose," 11 U.S.C.A. § 101(8) (West 1993), and (ii) the legal fees that comprise Plaintiff's Claim were clearly incurred by the Debtor for a personal rather than a business purpose. The Debtor also contends that, even if the § 523(a)(2)(C) presumption applies with respect to Plaintiff's Claim, such presumption is rebutted by virtue of the fact, stipulated to orally by the parties at the June 23, 2003 hearing, that the Debtor paid approximately $900 by credit card toward the satisfaction of Plaintiff's Claim in May 2002, which date is shortly prior to when Plaintiff actually began providing the legal services in question to the Debtor.

Plaintiff contends that the legal services which she performed for the Debtor the charges for which comprise Plaintiff's Claim are "luxury" in nature (a) because, and as set forth in § 523(a)(2)(C), luxury services do not include services reasonably acquired for essentials of a debtor, that is those services reasonably acquired for the support or maintenance of such debtor or his or her dependents, and (b) because, argues Plaintiff, such legal services had as their purpose the accomplishment of a nonessential object, namely the avoidance by the Debtor of a preexisting obligation to provide for his daughter's college education—indeed, argues Plaintiff, the Debtor obtained such legal services to avoid, rather than to provide for the satisfaction of, a support/maintenance obligation to one

of his dependents. Plaintiff, as support for her position as recounted in the immediately preceding sentence herein, points the Court to, and distinguishes the instant matter from, the decision in *In re Vernon*, 192 B.R. 165 (Bankr.N.D.Ill.1996). The *Vernon* court held, *inter alia*, that legal services which the debtor therein procured during divorce proceedings to which she was a party were not luxury in nature because the object of divorce can qualify as support or maintenance, particularly when, as in *Vernon*, much of the legal services in question that were provided to the debtor therein went to ensure support for such debtor's two children and herself. *See Vernon*, 192 B.R. at 170–171 (holding, consequently, that the fees and expenses related to such legal services did not qualify for the § 523(a)(2)(C) nondischargeability presumption). However, and unfortunately for Plaintiff, the Court, for at least two discrete reasons which are set forth below, rejects Plaintiff's position as to the "luxury" status of Plaintiff's Claim.

First, Plaintiff's position presumes that, if the legal services which Plaintiff provided to the Debtor were not acquired for essentials of the Debtor (i.e., for the support or maintenance of the Debtor or a dependent of the Debtor), then such legal services necessarily constitute luxury services within the meaning of § 523(a)(2)(C). The Court concludes that such presumption by the Debtor is incorrect because, as a matter of law, "[c]ertain goods [or services] may not qualify as necessities and [they] still [will] not be luxuries." *In re Blackburn*, 68 B.R. 870, 874 (Bankr.N.D.Ind.1987) (pointing out that, although § 523(a)(2)(C) excludes necessities from the definition of "luxury goods or services," such statutory provision neither states nor implies that non-necessities automatically constitute "luxury goods or services"); *see also In re Stewart*, 91 B.R.

489, 497 (Bankr.S.D.Iowa 1988) (citing *Blackburn* for the same proposition). Furthermore, the Court holds that the legal services the charges for which comprise Plaintiff's Claim do not, as a matter of law, constitute luxury services within the meaning of § 523(a)(2)(C) even if, as Plaintiff argues, such legal services were not acquired for essentials of the Debtor. The Court holds as it does because the Court, in turn, holds that (a) luxuries within the meaning of § 523(a)(2)(C), as a matter of law, are limited to things that constitute extravagances or self-indulgences, *see Blackburn*, 68 B.R. at 874, and (b) the incurrence of indebtedness for legal services, at least in the instant matter if not practically in every case, does not constitute an extravagance or self-indulgence.

Second, the Court is at least skeptical regarding the accuracy of, if it does not presently disagree outright with, Plaintiff's assumption that the legal services the charges for which comprise Plaintiff's Claim were not a necessity of the Debtor, that is that they were not acquired for essentials of the Debtor. The genesis for such skepticism by the Court is the undisputed fact that the Debtor seeks to discharge via his bankruptcy petition filing the very support/maintenance obligation to his daughter that is the subject of the legal services the charges for which comprise Plaintiff's Claim. Because the Debtor is in bankruptcy and he seeks to thereby discharge such obligation, and since such bankruptcy case has not been questioned as one that was commenced in bad faith, the Court can only conclude that the Debtor seeks to avoid satisfying such obligation, at least in part, in order to aid in the support and/or maintenance of himself and/or certain other of his dependents—in fact, a separate adversary proceeding under § 523(a)(15) is presently pending between the Debtor and his former spouse regarding such obligation, wherein the

Debtor necessarily takes the position that, at a bare minimum, the discharge of such obligation is at least somewhat necessary for the support and/or maintenance of himself and/or certain of his other dependents. Because of the foregoing, the Court cannot see how it can conclude other than that the legal services which Plaintiff provided to the Debtor so as to aid the Debtor in avoiding his obligation to his daughter were a necessity to the Debtor, that is that such legal services were reasonably acquired for the support and/or maintenance of the Debtor and/or certain of his other dependents. Of course, if the legal services the charges for which comprise Plaintiff's Claim constituted a necessity of the Debtor, then such legal services cannot constitute luxury services within the meaning of § 523(a)(2)(C).

Because the Court, for the reasons set forth above, is constrained to hold, as a matter of law, that the legal services the charges for which comprise Plaintiff's Claim do not constitute luxury services within the meaning of § 523(a)(2)(C), the Court must also hold, as a matter of law, that the § 523(a)(2)(C) presumption does not apply to Plaintiff's Claim.

■ Although unnecessary to the Court's decision since the Court concludes, as a matter of law, that the § 523(a)(2)(C) presumption does not apply to Plaintiff's Claim, the Court nevertheless also holds, as a matter of law, that, if such presumption were to apply to such claim, then such presumption would be rebutted by virtue of the Debtor's credit card payment of approximately $900 toward the satisfaction of Plaintiff's Claim, the occurrence of which payment was orally stipulated to by Plaintiff at the June 23, 2003 hearing. The Court holds as it does because (a) the Debtor, if the § 523(a)(2)(C) presumption were to apply to Plaintiff's Claim, could rebut the same by raising a substantial

doubt in the Court's mind, as the finder of fact in the instant matter, as to the existence of an intent on his part to incur the charges that comprise such claim in contemplation of their discharge in bankruptcy, *see supra* p. 654, and (b) the payment of roughly 15% of Plaintiff's Claim by the Debtor shortly prior to the date upon which Plaintiff commenced providing the legal services in question to the Debtor would, as a matter of law, raise substantial doubt in this Court's mind, as a rational fact finder, as to the Debtor's intent to incur the charges that comprise Plaintiff's Claim in contemplation of their discharge in bankruptcy.

■ Because Plaintiff predicates her summary judgment motion entirely on the asserted applicability of the § 523(a)(2)(C) presumption to Plaintiff's Claim, which applicability she must also assert cannot be rebutted by the Debtor, and since such presumption, as set forth above, neither applies to such claim nor would withstand rebuttal by the Debtor were it to so apply, the Court shall deny Plaintiff's summary judgment motion with prejudice.

**II.**

As set forth above, the Court denies Plaintiff's summary judgment motion because (a) Plaintiff predicates such motion entirely upon the applicability of the § 523(a)(2)(C) presumption to Plaintiff's Claim, and (b) the Court concludes, as a matter of law, that such presumption does not apply to such claim. The Court notes as well that Plaintiff, in her complaint, cites to § 523(a)(2)(C) as the sole basis therein for a determination by the Court that Plaintiff's Claim is nondischargeable. Plaintiff does so notwithstanding that the sole purpose of § 523(a)(2)(C), provided that it applies to a claim, is to relieve a creditor of the burden of having to prove that its claim is nondischargeable under

§ 523(a)(2)(A). *See* 11 U.S.C.A. § 523(a)(2)(C) ("for purposes of subparagraph (A) of this paragraph," certain debts "are presumed to be nondischargeable"); *Orecchio,* 109 B.R. at 289. In light of § 523(a)(2)(C)'s stated purpose, and because Plaintiff would be precluded, by virtue of the passage of the 60–day limitations period, from proceeding under § 523(a)(2)(A) were the Court at this time both to presume that she did not wish to so proceed and then to grant final judgment in the present adversary proceeding in favor of the Debtor, *see* Fed.R.Bankr.P. 4007(c), 11 U.S.C.A. (West 2003) (actions under, *inter alia,* § 523(a)(2)(A) and, thus, under § 523(c) must be brought within 60 days after the date of § 341(a) creditors meeting), the Court shall presume that Plaintiff wishes to assert that Plaintiff's Claim is nondischargeable pursuant to § 523(a)(2)(A). In order for Plaintiff to proceed under § 523(a)(2)(A)—without, of course, any aid from the § 523(a)(2)(C) presumption going forward—Plaintiff, within twenty (20) days from the date of the instant Memorandum and Order of Court, will need to amend her adversary complaint so as to plead the elements for an action under such statutory provision. If the Court is incorrect in presuming that Plaintiff wishes to proceed under § 523(a)(2)(A), then Plaintiff shall so notify the Court in writing within the same twenty-day period, in which event the Court's present denial of Plaintiff's summary judgment motion shall become a final judgment on Plaintiff's complaint in favor of the Debtor.

### III.

**IN SUMMARY,** (a) the presumption of nondischargeability under § 523(a)(2)(C) is **INAPPLICABLE** to Plaintiff's claim for legal services, and (b) Plaintiff's motion for summary judgment is consequently **DENIED WITH PREJUDICE.**